**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

DEWAYNE D. ELLIS,                                                          PETITIONER
REG. # 54585-060

v.                                        2:13CV00097-KGB-JJV

ANTHONY HAYNES, Warden
FCC Forrest City, AR                                                    RESPONDENT

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge
Kristine G. Baker.   Any party may serve and file written objections to this recommendation.
Objections should be specific and should include the factual or legal basis for the objection.   If the
objection is to a factual finding, specifically identify that finding and the evidence that supports your
objection.   An original and one copy of your objections must be received in the office of the United
States District Court Clerk no later than fourteen (14) days from the date of the findings and
recommendations.   The copy will be furnished to the opposing party.   Failure to file timely
objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or
additional evidence, and to have a hearing for this purpose before  either  the District Judge or
Magistrate Judge, you must, at the time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence to be proffered at the new hearing (if such a  hearing is granted)
was not offered at the hearing before the Magistrate Judge.

3.        The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Before the Court is the Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241, of Dewayne Ellis, an inmate at the time of filing at the FCI - Forrest City of the Federal Bureau of Prisons (BOP).  In his Petition, Mr. Ellis alleges he is entitled to jail credit toward his federal sentence for time spent in a halfway house that was court ordered.  (Doc. No. 1 at 4.) After the Response had been filed, the Petitioner's mail was returned to the Clerk's Office.[1]  The Court, on its own accord, searched the Bureau of Prisons website, and found that Mr. Ellis is now at FCI- Pekin in Pekin, Illinois. Because no response was required by the Petitioner at that point, this case will not be dismissed for failure to comply with Local Court Rule 5.5. (c)(2).

## I.    BACKGROUND

On April 16, 2004, Mr. Ellis was arrested by the Ohio State Highway Patrol in Ashland,

---

[1]Local Rule of the Court 5.5(c)(2), states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.  A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number.  If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure." Based on a search of the BOP website, the Petitioner is now an inmate at: FCI-Pekin, P.O. Box 5000, Pekin, IL 61555.

Ohio, after a traffic stop and search of his vehicle yielded 73 grams of crack cocaine.  (Doc. 7-1.)
He was held at the Elyria City Jail, Elyria, Ohio. (Doc. 7-1 at 10.)  On April 29, 2004, the state case
was referred for federal prosecution, and a Criminal Complaint was filed in the U. S. District Court,
Northern District of Ohio, Case No. 1:04CR00272-SO-1. (Doc. No. 7.)  That same day, Mr. Ellis
was arrested at the Elyria City Jail and brought into exclusive federal custody. (Doc. No. 7-1 at 14.)

On May 3, 2004, Mr. Ellis waived his detention hearing, and was remanded to the custody
of the U.S. Marshal. (*Id.*) On April 17, 2006, the United States District Court, Northern District of
Ohio issued an order granting Petitioner's motion for bond.  (Doc. 7-1 at 18.) The bond required that
Mr. Ellis maintain residence at Oriana House in Cleveland, Ohio. He was granted work privileges,
drug treatment and counseling privileges.  (*Id.*)

On January 19, 2007, the court issued a summons for a violation hearing. (Doc. No. 7-1 at
23.)  On January 30, 2007, Mr. Ellis admitted to the court that he was in violation of his bond;
however, the previous bond was continued with the same terms and conditions. (Doc. No. 7-1 at 25.)
On September 4, 2007, at a final pretrial conference, Mr. Ellis's continuation of bond with the same
terms and conditions was affirmed by the court. (Doc. No. 7-1 at 27-28.)

On March 14, 2008, the court granted Mr. Ellis's motion to remove his home confinement
condition of the bond, and placed him on regular pretrial supervision. (Doc. No. 7-1 at 30.) Seven
months later, on October 10, 2008, the court issued an arrest warrant for Mr. Ellis charging him with
a violation of conditions of pretrial release. (Doc. No. 7-1 at 32.) Mr. Ellis was arrested by local law
enforcement officers on February 23, 2009 in Madison County, Indiana, on charges of possession
of marijuana, false information, and assisting a criminal. (Doc. No. 7 at 3.) He failed to post bond
and was detained. (*Id.*)

On July 6, 2009, Mr. Ellis was sentenced in Madison County, Indiana to an aggregate term

of one (1) year.  (*Id.*)  He was paroled from his Madison County sentence on May 24, 2010, and released to U.S. Marshals for exclusive federal custody. (Doc. No. 7-1 at 10.)  Mr. Ellis was sentenced in the U.S. District Court, Northern District of Ohio, on November 24, 2010, to 110 months' imprisonment to be followed by three years of supervised release. (Doc. No. 7-1 at 34.)

In accordance with Program Statement 5880.28, <u>Sentence Computation Manual (CCCA-1984)</u>, and 18 U.S.C. § 3585(a), the BOP prepared a sentence computation for Mr. Ellis, commencing his 110-month federal sentence on November 24, 2010, the date of imposition of judgment. (Doc. No. 7-1 at 41.) He was credited with time in custody from April 16, 2004, his date of arrest, through April 14, 2006, his release on bond. (Doc. No. 7-1 at 42.)  Mr. Ellis was also credited with time from May 25, 2010, the day after release from his state sentence, through November 23, 2010, the day before his federal sentence began. (*Id.*)  He is projected to earn 431 days of good conduct time with a projected release date of May 20, 2016. (Doc. No. 7-1 at 42.)

## II.    ANALYSIS

Respondent rebuts Petitioner's claims that his sentence has been improperly computed by using the facts and timeline of Mr. Ellis's case to show how the BOP acted appropriately and in accordance with federal law.  (Doc. 7-1.) Citing Title 18 U.S.C. §3585 (a) and (b) as well as the BOP Program Statement 5800.28 <u>Sentence Computation Manual (CCCA)</u> (7/20/1999), the Respondent argues that BOP acted properly under the authority delegated to them under the statute. 18 U.S.C. § 3585 (a).  The Court agrees.

Further,  Respondent  argues that the Petitioner never completed the administrative process regarding the issue of jail credit.  (Doc. No. 7 at 8.)  The Respondent notes that the BOP database SENTRY was reviewed to determine if Mr. Ellis filed any administrative remedies on his sentence computation.  On two occasions, Mr. Ellis filed to receive jail credit at the institutional level.  (Doc.

4

No. 7-1.)  The Administrative Remedies reference two different periods of credit; however there is

no indication he ever filed at the Regional or Central Office levels in these cases.  (*Id.*)

 As such, Mr. Ellis failed to exhaust his administrative remedies concerning whether the BOP

has properly computed the length of his sentence and whether he is serving the proper sentence.  *See*

*United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (before filing an action in district

court, an inmate must first exhaust his administrative remedies by presenting his claim for relief to

the BOP).  "An inmate shall first present an issue of concern informally to staff, and staff shall

attempt to informally resolve the issue before an inmate submits a Request for Administrative

Remedy, [via a BP-9]."  28 C.F.R. § 542.13(a).   If the inmate is not satisfied with the informal

resolution, he may:

> submit an Appeal on the appropriate form (BP-10) to the appropriate Regional
> Director within 20 calendar days of the date the Warden signed the response.  An
> inmate who is not satisfied with the Regional Director's response may submit an
> Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar
> days of the date the Regional Director signed the response.  When the inmate
> demonstrates a valid reason for delay, these time limits may be extended . . . Appeal
> to the General Counsel is the final administrative appeal.

28 C.F.R. § 542.15(a).  An inmate's failure to exhaust his administrative remedies before filing a

§ 2241 petition will result in dismissal of the § 2241 petition without prejudice.  *Chappel*, 208 F.3d

at 1069.

 The United States Court of Appeals for the Eighth Circuit has identified four objectives that

are promoted by the exhaustion requirement: "(1) the development of the necessary factual

background upon which the claim is based; (2) the exercise of administrative expertise and

discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the

prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level."

*Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976).  "The benefits from prior administrative

review are substantial" and "[t]he procedure must be give an opportunity to succeed."  (*Id.*)

In this case, Mr. Ellis has failed to exhaust his administrative remedies.  The record before this Court supports this finding and contains no evidence to the contrary.  Therefore, Petitioner must first challenge the computation of his sentence via the BOP's administrative grievance process.  Until Mr. Ellis does so, this Court must dismiss his Petition without prejudice.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    The Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice so that he may exhaust his administrative remedies.

2.    The Clerk of the Court should change the docket to show Petitioner's current mailing address is FCI-Pekin, P.O. Box 5000, Pekin, IL 61555.

DATED this 27th day of February, 2014.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE